UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| LINDA GUZZO,<br><br>          Plaintiff,<br>     v.<br><br>CONNECTICUT STATE COLLEGES AND UNIVERSITIES, STATE OF CONNECTICUT,<br><br>          Defendant, and<br><br>ROB STEINMETZ, DIANE BORDONARO, and G. DUNCAN HARRIS,<br><br>          Defendants in their official capacities. | Civil Action No.<br>3:21 - CV - 254 (VDO)<br><br><br><br><br>**JANUARY 11, 2024** |
| LINDA GUZZO,<br><br>          Plaintiff,<br>     v.<br><br>CONNECTICUT STATE COLLEGES AND UNIVERSITIES,<br><br>          Defendant. | Civil Action No.<br>3:22 - CV - 858 (CSH)<br><br><br>**JANUARY 11, 2024** |

<u>**CONSOLIDATION ORDER**</u>

**HAIGHT, Senior District Judge:**

**I. BACKGROUND**

On February 26, 2021, Plaintiff Linda Guzzo commenced an employment discrimination

1

action against Connecticut State Colleges and Universities ("CSCU") in this District Court. *See Guzzo v. CSCU,* No. 3:21-cv-00254 (VDO) ("First Action"). On July 7, 2022, she filed a "Second Amended Complaint" in the action to include individual defendants, Robert Steinmetz, Diane Bordonaro, and G. Duncan Harris, in their official capacities, as well as her former employer, CSCU. Doc. 44. The matter was initially assigned to this Court and transferred to United States District Judge Vernon D. Oliver on October 26, 2023. Doc. 66.

In addition, in June of 2022, Plaintiff filed an action in Connecticut State Superior Court against CSCU, which was removed to this District Court by Defendant CSCU on July 8, 2022. *See Guzzo v. CSCU*, No. 3:22-cv-858 (CSH) ("Second Action"), Doc. 1. The case was initially assigned to Judge Sarala V. Nagala, but later transferred to this Court on August 24, 2022. Doc. 15.

Counsel who represent Plaintiff and Defendants, respectively, in both actions have indicated that they participated in a telephonic status conference in the First Action with Judge Oliver on January 3, 2024.[1] *See* No. 3:22-cv-858 (CSH), Doc. 19, at 2 (¶ 3). During that conference, they discussed the possibility of consolidating the First and Second Actions pursuant to Federal Rule of Civil Procedure 42(a), stating that consolidation would "avoid unnecessary costs and duplicative efforts and provide consistency and efficiency." *Id.* at 3 (¶ 6). At that time, Judge Oliver expressed his willingness to accept transfer of the Second Action should the actions be consolidated. *Id.* As a result of the teleconference, in the Second Action, the parties have filed a "Joint Motion to Consolidate" [Doc. 19], which this Court resolves by the present Order.

---

[1] In both actions, Attorney Peter D. Goselin represents the Plaintiff and Assistant Attorney General Carolyn Ennis represents the Defendants.

## II. DISCUSSION

As the Second Circuit has stated, "[t]he trial court has broad discretion to determine whether consolidation is appropriate." *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990). Under Federal Rule 42(a) of Civil Procedure, "[i]f actions before the court involve a common question of law or fact, the court may: . . . (2) consolidate the actions." Fed. R. Civ. P. 42(a)(2). Rule 42 "should be prudently employed as a valuable and important tool of judicial administration, invoked to expedite trial and eliminate unnecessary repetition and confusion." *Devlin v. Transportation Commc'ns Int'l Union,* 175 F.3d 121, 130 (2d Cir. 1999) (citations and internal quotation marks omitted). "In assessing whether consolidation is appropriate in given circumstances, a district court should consider both equity and judicial economy." *Id*. (citation omitted). "Differences in causes of action, defendants, or the class period do not render consolidation inappropriate if the cases present sufficiently common questions of fact and law, and the differences do not outweigh the interests of judicial economy served by consolidation." *Moran v. Tesei*, No. 3:19-CV-722 (VAB), 2023 WL 3570670, at *7 (D. Conn. May 19, 2023) (quoting *In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 288 F.R.D. 26, 34 (S.D.N.Y. 2012)).

In the case at bar, Plaintiff Guzzo's two actions involve similar factual allegations and claims. Both actions arise of Plaintiff's employment with Defendant CSCU, alleging that she was denied reasonable accommodations and discriminated against due to her disabilities in violation of the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 701, *et seq.*, which incorporates the standards of the Americans with Disabilities Act, as amended in 2008, 42 U.S.C. § 12101, *et seq.* In addition, in both actions, Plaintiff alleges discrimination and/or retaliation in employment for exercising her rights under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2615(a)(2) and § 2615(b).

3

As to differences between the actions, the First Action asserts claims against individual defendants, employees of CSCU, in their official capacities, as well as CSCU, Plaintiff's former employer. However, the alleged conduct of the individual defendants is factually at issue in both actions.

Furthermore, in addition to the federal claims asserted in the First Action, the Second Action includes two age discrimination and retaliation claims under state law (*i.e.*, violations of the Connecticut Fair Employment Practices Act ("CFEPA"), Conn. Gen. Stat. §46a-60, *et seq.*).[2] Nonetheless, certain factual allegations in support of those claims are also implicated in the federal claims appearing in both actions. In other words, pursuant to Federal Civil Rule 42(a), the two actions contain common questions of law and fact so that the differences between them do not outweigh the interests of judicial economy served by consolidation.

### III. CONCLUSION

In these circumstances, pursuant to Federal Rule of Civil Procedure 42(a) and in the exercise of my discretion, the Court GRANTS the parties' "Joint Motion to Consolidate" [Doc. 19], hereby consolidating *Guzzo v. CSCU, et al.*, No. 3:21-cv-00254 (VDO), and *Guzzo v. CSCU*, No. 3:22-

---

[2] Specifically, in the First Action, No. 3:21-cv-254 (VDO), Plaintiff's Complaint only includes three Counts, each pursuant to federal statute: "Count One: Discrimination or Retaliation for Exercise of Rights" (FMLA), "Count Two: Denial of Reasonable Accommodations for the Plaintiff's Disabilities" (Rehabilitation Act), and "Count Three: Discrimination Against the Plaintiff Due to Her Disabilities" (Rehabilitation Act). Doc. 44 ("Second Amended Complaint"), at 16, 17. However, in her Second Action, No. 3:22-cv-858 (CSH), in addition to her federal claims, Plaintiff includes two state law claims. In particular, she includes: "Count One: Age Discrimination in Employment (CFEPA)," "Count Two: Retaliation for Opposing a Discriminatory Employment Practice (CFEPA)," "Count Three: Discrimination or Retaliation for Exercise of Rights (FMLA)," "Count Four: Denial of a Reasonable Accommodation (Rehabilitation Act of 1973)," and "Count Five: Disability Based Discrimination in Employment (Rehabilitation Act of 1973)." Doc. 1-2 ("Complaint"), at 16, 17, 18. Given the contents of the two Complaints, both actions contain common facts and overlapping claims.

cv-858 (CSH). The two actions clearly present common questions of law and fact. It is thus sensible and efficient for both actions to be litigated together. Because Judge Oliver has kindly consented to accept transfer of *Guzzo v. CSCU*, No. 3:22-cv-858 (CSH), upon consolidation, the Court will respectfully transfer that case to him contemporaneously with this Order. The First Action, *Guzzo v. CSCU, et al.*, No. 3:21-cv-0254 (VDO), is hereby deemed the lead case.

The foregoing is SO ORDERED.

Dated: New Haven, Connecticut
       January 11, 2024

                                      */s/Charles S. Haight, Jr.*
                                      CHARLES S. HAIGHT, JR.
                                      Senior United States District Judge